Mr. Mark Chamberlain
24966509
Philadelphia FDC Detention
Center
700 Arch Str
Phila. PA. 19105

(United States v. Mark Chamberlain)

RECEIVED APR 27 2022

## Cover Letter to Affidavit of Facts

4-19-22

To The Courts of The 3rd Circuit
Eastern District of Pennsylvania

Case No: 20-CR-362-MSG

This letter is to address the purpose of the affidavit of facts.

This letter is for clarity and to be sure the record is properly docketed.

For the defendant has issues addressing the courts and fears proceedings will carrying on before the defendant is given fair opportunity to bring awareness to any and all events that transpired throughout the 3 year journey of attempts, from two separate jurisdictions, to prosecute the defendant and both jurisdictions failure to honor due process and equal protections of our United States Constitution.

The case is full of corruption and attempts to hide it, while continuously violating the defendants rights with vengence.

To Proceed:

# AFFIDAVIT OF FACTS

CRIMINAL CASE NO: 20:-CR-362

ON 4-22-19 THE PHILA. POLICE DEPT'S NARCOTIC FIELD UNIT KICK DOWN THE FRONT DOOR OF THE HOME OF THE DEFENDANT, MARK CHAMBERLAIN, @ 2139 ANCHOR ST. IN THE FRANKFORD SECTION OF PHILADELPHIA WITH THE INTENTION OF ROBBING THE DEFENDANT OF MONEY AND ANY OTHER THING OF VALUE.

WHEN THESE OFFICERS, BEING LED BY POLICE OFFICERS TIMOTHY BOGAN #3358, TYRA DEVEAUX #3212, AND JEFFERY GALAZKA #7481, COULD NOT FIND ANY THING TO ARREST THE DEFENDANT FOR, THEY BEGAN THREATING THE DEFENDANT BY SAYING THEY WOULD CALL DHS TO COME AND TAKE THE DEFENDANT'S CHILDREN IF HE DID NOT TELL THEM WHERE THE "SHIT" WAS AT.

THE DEFENDANT INTERPRETED THIS TO MEAN, THEY WERE LOOKING FOR DRUGS. WHEN THE DEFENDANT TOLD THEM HE HAD NO DRUGS IN THE HOUSE, P/O JEFFERY GALAZKA RESPONDED, "COME ON, ALL YOU GUYS HAVE DRUGS IN YOUR HOUSES."

WHEN THE DEFENDANT BEGAN TO ASK FOR A SEARCH WARRANT THE OFFICERS SAID, "WE DON'T NEED A SEARCH WARRANT BUT WE'LL GET YOU ONE IF YOU WANT."

1.

When these officers entered the defendant's home he was immediately placed in hand cuffs, while officers ordered the defendant's children and their mother into the livingroom.

While officers ramsacks the defendant's home P/O Tyra Deveaux #3212 sat with the defendant in his dinningroom. The defendant asked P/O Deveaux why are you here, why are you guys in my home?

P/O Deveaux responded, "A white guy was "jumped", by some guys at the corner of your block and one of the guys who did it ran in here."

The defendant responded, "Bullshit", "Where is your warrant?" P/O Deveaux said, "We don't need no warrant for that, but if you want one you'll get one."

At that point P/O Deveaux picked up a cell phone from the dinningroom table and asked, who's phone is this? At that point the defendant's children's mother responded, "It's my phone". To witch P/O Deveaux responded, "Well it's his phone now." If you want to keep talking, you can go to jail with him."

2.

Ultimately, the defendant was arrested, taken to the 15th district police station, never was told why he was being arrested and held at the 15th district for approx. 3 hours without being charged with any crime.

The defendant continuously asked officers in this district why am I here? In which, no officer knew why he was there, until defendant began to ask to speak to a supervisor/captain and was finally told, he was only brought there for transportation to the Roundhouse @ 8th and Race St.

Finally, defendant was transported to the "Roundhouse", was taken to the homicide unit, which defendant believes was on the 3rd floor. When defendant was taken to detectives, they saw defendant and responded, "We don't want him up here, take him to the basement."

Defendant sat in a cell after being striped of his belt, strings from his hood and shoe strings, for approx. another 2 hours or so before being processed.

3.

WHILE BEING PROCESSED THE DEFENDANT ASK THE BLACK LADY WHAT HE WAS BEING FINGERPRINTED FOR IN WHICH AT THIS TIME THE DEFENDANT LEARNED HE WAS BEING CHARGED WITH DRUG AND FIREARMS CRIMES IN WHICH OCCURRED 6 DAYS PRIOR ON 4-16-19 AT A COMPLETELY DIFFERENT ADDRESS (2139 E. SANGER ST.).

WHEN THE DEFENDANT RESPONDED, HE DID NOT HAVE ANY KNOWLEDGE OF ANY DRUGS OR FIREARMS AND THAT HE JUST WAS ARRESTED TODAY (4-22-19) @ HIS HOME ON ANCHOR ST. AFTER POLICE KICKED DOWN HIS DOOR W/O WARRANT, THE LADY RESPONDED, "WELL I GUESS YOU BETTER TELL THE MAGISTRATE THAT WHEN YOU SEE HIM IN A FEW HOURS."

DEFENDANT DOESN'T REMEMBER MUCH OF THE ARRAIGNMENT DUE TO IT BEING SO QUICK BUT DOES REMEMBER AT SOME POINT HE WAS ASKED HIS NAME, IN WHICH THE DEFENDANT RESPONDED, "YOU COME TO MY HOME, KICK DOWN MY DOOR, ARREST ME AND YOUR TELLING ME YOU DON'T KNOW MY NAME?" AND AT THAT POINT THE SCREEN CUT OFF AND THE SHERIFF TOLD HIM TO EXIT THE ROOM.

THIS INTER-ACTION HAPPEN APPROX. 1:30 AM ON 4/23/19.

4.

AT SOME POINT EITHER LATER ON DURING THE DAY OF 4-23-19 OR 4-24-19, WHILE DEFENDANT WAS AT THE COUNTY JAIL FACILITY HE FINALLY WAS ABLE TO CALL HOME AND LEARNED FROM THE MOTHER OF HIS CHILDREN (WHOM WAS IN THE HOUSE DURING THE INTRUSION) THAT A WHITE POLICE OFFICER (BELIEVED TO BE P/O BOGAN) CAME BACK TO OUR HOME APPROX. 1 HOUR LATER AND GAVE HER A BLUE CARBON COPY OF A SEARCH WARRANT (#212248), NO AFFIDAVIT OR RECIEPT OF ANY PROPERTY TAKEN FROM THE HOUSE. HE WAS ALSO INFORMED OF $5,500 MISSING TO WHICH ONE OF THE CHILDREN SAW OFFICERS PLACE MONEY IN THEIR POCKET.

DEFENDANT DID NOT GO TO A PRELIMINARY HEARING FOR APPROX. 2 MONTHS BUT THE TIME WHEN HE DID (6-24-19) ASSISTANT DISTRICT ATTORNEY LAUREN CRUMP ONLY PRODUCED A PROPERTY RECIEPT (3393678) FOR SOME DRUGS SHE AND POLICE OFFICER BOGAN #3358 ALLEGED WAS FOUND ON DEFENDANT AND IN HIS HOME.

OTHER THAN THAT THERE WAS NO OTHER EXHIBITS SUBMITTED TO THE COURT, EXCEPT A COURT SUMMARY SHEET USED TO ALLEGED THE DEFENDANT HAD BEEN CONVICTED OF PRIOR CRIMES WHICH MADE HIM UNABLE TO POSSESS A FIREARM.

NO PROOF OF A FIREARM WAS PRESENTED. AFTER THIS PRELIMINARY HEARING, DEFENDANT WAS NEVER BROUGHT TO COURT FOR APPROX. 7 MONTHS, HAD NO CONTACT WITH HIS ATTORNEY, THOUGH COURT WAS BEING HELD W/O HIS PRESENCE AND DUE TO THIS, DEFENDANT FILED PRO-SE MOTIONS IN AN ATTEMPT TO BE HEARD AND HAVE HIS DAY IN COURT.

5.

Defendant filed a motion to waive counsel and proceed by self-representation in September of 2019. The motion was ignored for approx. 4 months, while the case was continued multiple time and docketed, "Defense request continuance for further investigation". In which, Defendant never requested and was never present in a courtroom to request such a thing.

During this time between Sept. and January (2019-2020) there was several erroneous statements placed on Defendant's docket sheet (CP-51-CR-0004488-2019) such as; Discover passed at the bar of the court (July 31, 2019), to which no discovery passed until Jan 21, 2020 after Defendant was granted his right to represent himself, (see Lab Reports 1-6 & 1-13-2020)

The case was erroneously continued due to a lack of evidence and police corruption and then strategically continued at the Defendant's expense on July 31, 2019, September 4, 2019 and October 30, 2019, in which all was stated to be, "Defense request for continuance for further investigation.

Defendant filed motion to proceed prose (self-represent) on 9-6-2019 and follows this motion with; a motion for modification of bail (9-13-2019), a "inmate request" for copies of a filed search warrant, reciept of property and any other documents in reference to search and the court responded with a document (from the prison liason unit) stating, "The documents you request are not apart of your records of judicial file. It is suggested you contact an attorney (9-26-2019) and again on (11-21-2019)

- Since the federal indictment and or some point after, the city of Phila. and or the federal government, has now erased the original docket (CP-51-CR-4488-2019) in attempt to erase corruption. Case # can't be found anymore.

6.

The District Attorney office for Philadelphia also made attempts to have Defendant illegally forfeit his property that was taken from him during arrest. $420.00, cellphone and mail. To which Defendant fought against.

One of these attempts to fight back against forfeiture of his property was a motion Defendant filed on 10-23-19 in which briefly states the facts of the illegal intrusion.

While addresses these facts of misconducts and unconstitutional behavior by the Phila. Narcotic Field Unit, Defendant also challenged the alleged drugs and firearms said to be found in his home, due to there being absolutely no evidence (other than the perjuried testimony of corrupt police officers Tim Bogan #3358 and Jeffery Galazka #7481) showing any of these items were taken from Defendant's home.

In this motion for the <u>Return of Property</u> (filed 10-23-19), the Defendant named all of the alleged contraband said to be found in his home. This was in no way of an admittance that these items were found in his home but were stated in the motion to be specific as to what the Defendant was addressing and why it could in no way be connected to the Defendant or used against Defendant in any prosecution.

7.

For some idiotic, perverted reason, the Government here upon the 3rd Circuit, attempts to use this motion (for return of property) to prove guilt of defendant.

The Gov. knows of the corruption, the misconducts, and unconstitutional violations involved in this case due to the adoptions of documents and transcripts from the Commonwealth, while also know the documents from the police officers and district attorney office of Philadelphia causes doubt to the officers testimony and evidence. Why else would the Gov. reach to a motion to prove its case, if there was actually evidence to prove. The Government is desperate, and is now going on an "fishise expedition" to find anyway of getting a guilty verdict or guilty plea, due to the successful showings of police corruption and the civil lawsuit filed by the defendant due to such corruption and constitution violations. The lawsuit is the cause of malicious prosecution.

The Government would also like the courts to believe, the defendant was only indicted on the alleged firearms due to the illegal sentence of 15 years applied by a Armed Carreer Criminal Enhancement, the Government wishes to applied, but truth be told, the documents revolving around the drugs are tainted and can easily be proven to a jury.

8.

Prior to this fictious/vindictive indictment defendant was illegally held in the county prison for approx. 18 months before having the chance to make an attempt to suppress the evidence in the case.

Suppression hearings started on August 26, 2020 and on this day police officer Timothy Bogan #3358 not only admitted to forging an assistant district attorney's name (Kate Lewis) on the warrant for approval but also admitted to doing such on a regular basis, while also admitting to never following several police directives, in which the police commissioner put in place to be sure of the rights of the city's citizens not be violated.

During the hearing the defendant made several attempts to question P/O Bogan about the alleged magistrate whom is claimed to have signed the search warrant he (Bogan) claimed to have seen sign it with his own eyes.

Every attempt the defendant made to ask such questions was not only objected to by A.D.A. Greg Mazmanian but was also sustained by Common Pleas Judge Charles Ehrlich, clearly violating the defendant due process rights, while showing a conspiracy between the three (Bogan, Mazmanian, Ehrlich) to cover up the 4th amend. violation and deter the defendant from proving the violation and plenty other constitution violations.

9.

This current court knows of these violations because in November of 2021, the court made an strategic attempt to rule on the hearing from the common pleas court, here in the 3rd Circuit Court but defendant denied such request and asked for a new hearing.

This strategic attempt was only made do to P/O Bogan's lame excuse of having a "hand injury" and due to his alleged medication can or could not accurately testify. One can clearly see P/O Bogan's guilty mind and chose not to follow through with his malicious prosecution antics because of his fear of federal prosecution, if shown, his misconducts and crimes he committed in defendant's case.

Previous to this affidavit of facts, there was another suppression hearing held here in the 3rd Circuit's District Court of Philadelphia before the honorable Mitchell Goldberg, in which was held without the affiant P/O Bogan.

During this hearing the defendant's counsel made plausible arguments against the tainted documents used in order to falsely showing a drug investigation, in which allegedly gained probable cause to search defendant's home. But the tainted documents show otherwise.

10.

Two documents in specific was argued to show police corruption and the planted evidence from another suspects case.

Specifically Document Property Receipt # 3393654 and Property Control Data Form # 19-06643.

Property Receipt # 3393654 is being presented by the Gov. to allegedly prove a drug transaction that allegedly occurred in the 15th District, to which the Property Receipt actually shows evidence from a drug transaction in the 16th District.

This property receipt has a crossed out District Control # and then another # is written in its place. Clearly showing a tampering of documents.

The evidence control data Form # 19-06643 has a crossing out of a D.C. # 19-19-02316 and crossed out Property Receipt # 3393768.

This E.C.D Form is used to document the evidence connected to the D.C. # and property receipt #.

While Defendant represented himself in Common Pleas Court, he requested the the crossed out info and receipt the actually property crossed out of the document. On this receipt it a item taken from a "Rashon Carter" in the 19th District. "Coincedently", one of the item of contraband is also on the defendant's property receipt (3393678).

11.

Due to the showing of crossed out info and the "Rashon Carter's" property receipt to match. This clearly shows theres no evidence of control form in Defendant's case.

This also clearly shows an attempt to produce fictitious evidence, to propagate falsehood and fraud upon the court, tampering of evidence, planting of evidence, and a clear attempt to committ perjury, in order to cover-up, the lack of probable cause to arrest and keep the defendant from being released from custody.

There was also a chain of custody form given upon request that shows signs of tampering across the top of the document where the defendant's info was scanned in.

The proof this chain of custody form does not match the documents and evidence to the case is easily shown by the multitude of signatures/names of individuals who at one point is to be allowed to handle the evidence.

12.

The evidence control data forms documents the signatures of those who come in contact with evidence. These names are 1-3 on E.C.D forms, but when crossed referenced to the chain of custody form there's 3-6 different signatures as well as the time stamps do not match.

This are the things Honorable Mitchell Goldberg should have based his decision to suppress evidence on but instead he tenored any argument surrounded by the E.C.D. form, while stating the defendant never denied selling drugs. Where clearly the argument by counsel as well as the documents shows an argument against selling drugs.

The defendant has proof of forgery used to sign a search warrant. The evidence is court documents with the true signature of magistrate (the late deceased) Kevin Devlin with his name typed next to it, which clearly is not the same on warrant.

All of the above was also addressed at a status hearing on 4-4-22 before Judge Goldberg, where they asked the defendant to waive his constitutional right to a fair and speedy trial, in order to have his due process rights acknowledged, and to have these corrupt/misconduct matters viewed.

13.

OF COARSE THE DEFENDANT DENIED SUCH ATROCITY AND GAVE JUDGE GOLDBERG AN ALTERNATIVE AGREEMENT TO THE EFFECT OF, "I WILL AGREE TO WAIVE MY SPEEDY TRIAL RIGHTS, IF YOU AGREE, THAT UPON A SHOWING OF CORRUPTION, YOU DISMISSED THE CASE." TO WHICH JUDGE GOLDBERG RESPONDED "NO!", "I WILL NOT!"

THIS REFUSSAL TO DISMISS UPON A SHOWING OF CORRUPTION, IS A CLEAR OTEN THAT NO MATTER THE FACTS OR TRUTH, THE COURT WILL STILL CONTINUE TO HOLD DEFENDANT ILLEGALLY AND FORCE DEFENDANT TO A TRIAL BY JURY (WHO HAS NO KNOWLEDGE OF LAW OR CORRUPTION) AND FIGHT AGAINST, "MY WORD VERSES THE GOV." AND ALLEGED HONORABLE POLICE OFFICERS, FOR HIS LIFE AND LIBERTY, WHILE KNOWINGLY ALLOWING PERJURY, FALSEHOOD, AND A FRAUD UPON THE COURT.

AN THIS IS TO BE "IN THE INTEREST OF JUSTICE". WHEN AFTER ONE JURISDICTION (THE CITY OF PHILADELPHIA) FAILED TO PROSECUTE (CLEARLY FOR CORRUPT REASONS) AND WHERE NOW A SECOND JURISDICTION (THE FEDERAL GOVERNMENT) ATTEMPTS TO PROSECUTE ON THE SAME CORRUPTION, DOES THE DEFENDANT, RECIEVE JUSTICE, FOR WHICH THE COURT ARE SUPPOSE TO BE INTERESTED IN.

14.

ALL OF THE FACTS IN THIS AFFIDAVIT ARE TRUE TO THE BEST OF THE DEFENDANT'S MARK CHAMBERLAIN'S KNOWLEDGE, FOR WHICH HE KNOWS, IS NOT TRUE TO HIS KNOWLEDGE, WOULD BE CONSIDERED PERJURY FOR HE KNOWS HE CAN BE PROSECUTED FOR, IN WHICH HE KNOW THE GOVERNMENT WOULD LOVE TO PROSECUTE HIM FOR ANYTHING AVAILABLE.

FOR THOSE ABOVE REASONS THIS AFFIDAVIT SHOULD BE CONSIDERED TRUE AND CORRECT, UNLESS OTHERWISE PROVEN FALSE.

THANK YOU
RESPECTFULLY
[signature] 4-19-22

15.

## REMEDY IN ORDER

THE REMEDY IN ORDER IS OBVIOUS! THE DEFENDANT IS DUE JUSTICE AND LIBERTY. DEFENDANT SHOULD BE RELEASED IMMEDIATELY AND CHARGES NEED TO BE DISMISSED WITH PREJUDICE BEFORE MORE INJUSTICE IS PRESSED UPON THE DEFENDANT.

THE GOVERNMENT WISHES TO ACT AS IF NO VIOLATIONS HAVE OCCURRED, OR AS IF THE NARCOTICS FIELD UNIT OFFICERS OF THE PHILADELPHIA POLICE DEPARTMENT ARE NOT ALREADY KNOWN FOR CORRUPTION.

THE DEFENDANT HAS SUFFERED PRE-INDICTMENT AND THE DEFENDANT SUCCESSFULLY FOUGHT AGAINST THE CORRUPTION, DUE PROCESS VIOLATIONS AND CIVIL RIGHTS VIOLATIONS, BUT KNOWINGLY, THE U.S. GOVERNMENT WISHES TO GET A SECOND CHANCE TO PROSECUTE THE DEFENDANT VINDICTIVELY.

IN ORDER TO SAFEGUARD THE DEFENDANT FROM MALICIOUS PROSECUTION, SOMEONE NEEDS TO END THE PERVERTED ATTEMPTS ON THE DEFENDANT'S LIBERTY AND PERSON, BY RELEASING THE DEFENDANT IMMEDIATELY WITHOUT FURTHER DELAY.

*[signature]*
4-19-22

16.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE DEFENDANT'S, (MARK CHAMBERLAIN) AFFIDAVIT OF FACTS IS BEING SERVED VIA U.S. MAIL SERVICES TO THE FOLLOWING:

JAMES A. BYRNE
CLERK OF COURTS, ED PA.
U.S. COURTHOUSE ROOM 2609
601 MARKET ST.
PHILADELPHIA, PA. 19106

THE HONORABLE MITCHELL S. GOLDBERG
U.S. COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA. 19106

17.

MR. MARK CHAMBERLAIN 24966509
PHILA. FEDERAL DETENTION CENTER
P.O. BOX 562
PHILA. PA. 19105



601 MARKET ST.
JAMES A. BYRNE
CLERK OF COURTS EDPA.
U.S. COURTHOUSE RM. 2609
PHILADELPHIA, PA. 19106