# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | CRIMINAL NUMBER 20-362 |
| | : | |
| MARK CHAMBERLAIN | : | |

### DEFENDANT'S SENTENCING MEMORANDUM

The end to a prosecution with its origins in an arrest on April 22, 2019, is now near. After more than a year-and-a-half in state court including the litigation of a motion to suppress physical evidence and statements, and more than two years in federal court including the litigation of another motion to suppress physical evidence and statements, a trial that concluded with a hung jury, and the entry of a guilty plea conditioned on the acceptance of a negotiated recommended sentence, sentencing is here.

There are two practical and equitable reasons for bringing this prosecution to a conclusion by imposing the recommended sentence, despite the recommended period of incarceration being lower than the applicable sentencing guideline range. The recommended sentence takes into account the joint discussion that counsel for the government and counsel for the defendant had with eleven of the twelve jurors who deliberated at the conclusion of the trial of Mr. Chamberlain in May of 2022. The recommended resolution also recognizes that by entering the plea agreed Mr. Chamberlain has agreed to forfeit his right to appeal from the denial of his motion to suppress physical evidence and statements. It is the defense view that the argument for suppression is extremely colorable. Earlier this month, the Sixth Circuit ruled that

the District Court had erred in denying a motion to suppress, because the search warrant affidavit had not shown a sufficient nexus between drugs and the apartment to be searched, even though the warrant alleged that two controlled buys had occurred in which the defendant was seen leaving and returning to the apartment in question before and after the controlled buys which were conducted from the defendant's car. *United States v. Antwone Miguel Sanders*, 2023 WL 1776587, No. 21-5945, 6th Cir., February 6, 2023. The Sixth Circuit held that, while the buys established that the defendant was a drug dealer, his exiting and entering the apartment before and after the drug deals did not establish probable cause that there were drugs in the apartment. The facts in that case and the scenario presented in the affidavit for the search warrant in this case are remarkably similar.

These two reasons separate this case from almost all of the others in which defendants with criminal histories similar to that of Mr. Chamberlain possessed firearms, including an unregistered firearm requiring registration. Either one of these reasons on its own would justify a variance below the guideline range. Together they provide ample cause to accept the recommended sentence.

The presentence investigation report contains inaccurate information. Mr. Chamberlain was not on state parole at the time that this offense occurred as is indicated in ¶ 39 of the expedited presentence investigation report (PSR). His state parole had expired on December 1, 2018, before the offense conduct in this case. The presentence investigator could rightfully be confused by the strange history of that matter. That matter originated with an arrest on May 31, 2012. Following a waiver trial, Mr. Chamberlain was sentenced to consecutive sentences of 36 – 72 months and 9 – 24 months, he was paroled after 45 months on March 1, 2016. Subsequently, he was resentenced on one bill and the sentence was reduced to 30 – 60 months. The Probation

Officer is correct in ¶ 39 that the "previously scheduled maximum date" was June 1, 2019. The effect of the change in sentence reduced the maximum date to December 1, 2018. Mr. Chamberlain had completed parole before the conduct to which he has admitted and which occurred in April 2019. This is why the Parole Board closed its file on January 25, 2021. The Board had determined that the supervision had expired prior to the instant conduct. There is no state parole detainer on Mr. Chamberlain.[1]

There are ample and just reasons for imposing the recommended sentence. It is a fair and just conclusion to this lengthy prosecution. As in many fair compromises, both sides have given up some of their previous contentions. There is no articulable reason why the recommended sentences is not sufficient to meet the purposes of sentencing set forth at 18 U.S.C. §3553(a), especially since the history and circumstances of this case are quite unique.

Respectfully submitted,

*/s/ Mark Wilson*
MARK WILSON
Senior Trial Counsel

---

[1] The defense reserves the right to challenge the application of the four-level enhancement in ¶ 23 of the PSR, if it should become necessary at a later date, *i. e.,* the Court declines to followed the recommendation in the plea agreement. It would be the defense contention that the possession of firearms in this case was not in connection with the possession of drugs. The government has even presented evidence that Mr. Chamberlain told one of the arresting officers that he had the firearm that was allegedly found in his sweatshirt for protection, because of the homicides that had occurred in the neighborhood. There is no evidence that he possessed the firearm at any time that a drug transaction is alleged to have occurred. The officers who surveilled him never reported seeing a bulge in the front of his sweatshirt or in the area of his pants pockets or in the area of his waistband at any time, until they were in the house and saw Mr. Chamberlain in the kitchen.